IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAJ PROPERTIES, LLC d/b/a VALLEY OAKS APARTMENTS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-2512 |
| ZURICH AMERICAN INSURANCE COMPANY, GAB ROBINS NORTH AMERICA, INC., ROGER SAWYER, and STEADFAST INSURANCE CO., | § § § § § § | |
| Defendants. | | |

<u>MEMORANDUM AND ORDER</u>

Pending are Defendant Steadfast Insurance Company's Motion to Compel Appraisal[1] and Plaintiff Taj Properties, LLC's Motion to Dismiss (Document No. 44). Taj Properties, LLC ("Taj") has now agreed to the appraisal sought by Steadfast Insurance Company ("Steadfast") (Document No. 45), and Steadfast has filed its response in opposition to Taj's Motion to Dismiss (Document No. 47).[2]

Inasmuch as Taj represents that it is "now agreeable to participation in the appraisal process" sought by Steadfast,[3] the

---

[1] Document No. 12, <u>Steadfast Ins. Co. v. Taj Properties, LLC</u>, No. H-10-2389 (S.D. Tex. July 6, 2010), consolidated under this cause number H-10-2512 by Order signed November 29, 2010 (Document No. 35).

[2] The procedural history of this removed insurance dispute is set forth in the Court's Memorandum and Order dated November 29, 2010 (Document No. 35).

[3] Document No. 45 at 1.

Court will grant Steadfast's Motion to Compel Appraisal (Document No. 12, filed in Member Case No. 4:10-2389).

In light of its consent to an Appraisal, Taj moves for voluntary dismissal of all parties, including Steadfast, without prejudice to refiling.[4]  Steadfast objects to Raj's "voluntary" dismissal of its own declaratory action but does not object to Plaintiff's dismissal of its own case.[5]

Federal Rule of Civil Procedure 41(a)(2) provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2).  "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002).

---

[4] Document No. 44.

[5] Document No. 47 at 2.

2

Steadfast appropriately argues that Taj's motion for voluntary dismissal should not include Steadfast's separate declaratory action against Taj, which was consolidated under this cause number. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 53 S. Ct. 721, 727-28 (1933); In re Transtexas Gas Corp., 303 F.3d 571, 577 (5th Cir. 2002) ("Consolidated actions retain their separate character."); McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982). Consolidation did not strip Steadfast of its right to prosecute its case in this Court. *See* Harcon Barge v. D & G Boat Rentals, 746 F.2d 278, 287 (5th Cir. 1984) ("The parties may not by consolidation . . . be deprived of some substantive right available to them in an individual suit now consolidated."). It follows that Steadfast's declaratory judgment action is not subject to "voluntary dismissal" on Defendant Taj's motion. *See* FED. R. CIV. P. 41(a)(2) ("an action may be dismissed at the *plaintiff's* request" (emphasis added)).

Steadfast conceded at the Rule 16 Conference that if there are additional contractual damages on Taj's insurance claims, they are the responsibility of Steadfast because the other insurers' primary policy coverages are exhausted. Steadfast will not suffer prejudice from the dismissal of Taj's claims, therefore, and

3

Steadfast retains in this cause its own action for declaratory judgment against Taj that deals with the ongoing insurance coverage issues between Steadfast and Taj.  The remaining Defendants in Taj's suit, Zurich American Insurance Company and GAB Robins North America, Inc., have not opposed Taj's motion, nor have they shown that their dismissal without prejudice would strip them of an otherwise available defense or that any prejudice to them would result. See Elbaor, 279 F.3d at 318; Essex Ins. Co. v. Massey Land & Timber, LLC, No. 5:04-cv-102, 2007 WL 571027, at *1 (S.D. Miss. Feb. 20, 2007).  Accordingly, Taj's action will be dismissed without prejudice.

It is therefore

ORDERED that Plaintiff TAJ Properties's Motion to Dismiss (Document No. 44) is GRANTED in part, and all claims and causes of action filed by Taj against Defendants Zurich American Insurance Company and GAB Robins North America, Inc. are DISMISSED without prejudice, but Taj's motion is DENIED with respect to Steadfast's declaratory judgment action against Taj.  Steadfast Insurance Company's declaratory judgment action against Taj shall remain pending under this Cause No. 10-2512, which is all that remains pending in this cause.  It is further

ORDERED that Defendant Steadfast Insurance Company's Motion to Compel Appraisal (Document No. 12) is GRANTED.  Accordingly, if they have not already done so, Taj and Steadfast shall each

4

designate an appraiser within twenty (20) days after the date of this Order. The two appraisers shall select a competent and disinterested umpire within fifteen (15) days thereafter. If the two appraisers cannot agree upon an umpire, then either party may request the Court to select an umpire. Pending completion of the Appraisal, this action is STAYED. The parties shall provide to the Court a joint status report 120 days after the date of this Order unless by that time the controversy has been resolved and this case dismissed.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 10TH day of March, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE